good morning may it please the court counsel my name is Jason Holden and I represent the defendant appellant Alexander Davis if I may reserve two minutes for rebuttal the appeal waiver and mr. Davis's plea agreement does not prevent this court from considering the heart of mr. Davis's appeal which is the violation of his Fifth Amendment right against self-incrimination by the district court at sentencing the Fifth Amendment protected mr. Davis during his psychological examination to determine his competency it protected his admissions and it protected his statements the Fifth Amendment is the very purpose for federal rule of criminal procedure rule 12.2 sub c sub 4 and that rule is plain and unambiguous and it provides that none of the statements mr. Davis provides during the course and scope of his psychological examination can be counsel a violation of that rule would not be grounds for you to be here no your honor it I disagree that rule is the very purpose of that rule in 19 you can argue that it's that it derives from the Fifth Amendment but it has to be an independent Fifth Amendment grounds or you don't have any standing to be here you've waived this well Estelle is the Fifth Amendment grounds in Estelle the government acknowledged that the Fifth important about Estelle your honor is that the court recognized that the very purpose of a statement during a psychological examination cannot be then transferred for a greater purpose that's the issue of voluntariness under the Fifth Amendment in Estelle so in that case the defendant gave a statement for purposes of a psychological examination and then the government actually the judge tried to use that statement for a broader purpose for purposes of counsel when your client requested the psychological examination what did he think was going to happen with it well a couple of things judge he was it was requested for purposes of competency and that's what's very critical about but he knew that he knew that it would go to the government right and he knew that it would go to the court yes the rules provide for that but there's a difference between providing it to the government and providing it at the court and use your honor and that is exactly what Estelle provides and that is also why the text of rule 12.2 is not just based on the Fifth Amendment but also incorporates Estelle do you have any do you have any case that directly supports the point that you're making today it's not controlling but in Carsion is the case out of New York and okay and do you have other cases opposed say that your honor do you have other do you have cases in which courts have held just exactly the opposite yes the Sixth Circuit in Graham Wright is what the district court relied upon but the Sixth Circuit got it wrong and I'll tell you why the Sixth Circuit does not understand what Estelle really says what the Sixth Circuit talks about Estelle in the sense that it is only a death penalty case that's not what Estelle is all about Estelle is about the fact that you give a statement which as you've recognized mr. Davis gave a statement for purposes of a cop his competency but then that statement cannot be then transformed into a broader purpose that is the very heart of the involuntary nature of the statement why doesn't it matter that in Estelle the defendant didn't want the evaluation but here he did well I think rule 12.2 sub c sub 4 speaks to that your honor the rule literally says with or without the defendant's consent but it goes to voluntariness your honor you I can have the purpose to give you a statement to determine my competency it's a very neutral very minor issue I am NOT giving you permission then to use that against me for all purposes at sentencing you need a constitutional hook you keep pointing to Estelle but again Estelle was a compelled evaluation that was used and that's not the case here no that's not what Estelle is about Estelle is not just about a compelled examination when you take a look at Estelle what's very critical is that the statement was it was not a compelled examination for purposes of the competency what was the problem in Estelle is that he gave a statement for purposes of competency and then the doctor at the time of sentencing ie whether or not the death penalty would apply transformed that statement to say that he had future dangerousness and that's the voluntary hook of the Fifth Amendment that is what Estelle is all about it is taking that narrow statement for a neutral purpose and using it for a broader purpose think about that I can give I can I want you to think about the chilling effect that Judge Christensen's action has on a lawyer like me we ought to be encouraging lawyers to get their clients evaluated we mental health is a huge issue in our criminal justice system and when I was a federal defender I I defended all kinds of people who had mental health problems I got mental examinations determined competency all the time as a federal defender if you are now going to tell me that I'm going to send my client to a BOP facility to a BOP psychologist and then you as the judge can use that statement against my sentencing I'm no longer going to get my client evaluated it is a tremendously chilling effect your honors and that that is not the policy that this court should adopt would it could a distinction be drawn between one between one who is where it's being used in sentencing where the where it's gone to trial as opposed to one that has that has pled guilty and then waived his remaining remaining rights well this case is a little bit unique in that I've seen a competency evaluation after it is a little unusual and your client did did waive his appellate rights and he waived he waived all of his rights I mean he no he didn't he no he didn't no judge we know that whether or not an appellate waiver is it's a contract issue I didn't he did not waive his rights to the Fifth Amendment he says we have satisfied Wells and Atherton here we we we didn't say all remaining issues all Fifth Amendment issues and he could not have anticipated at the time that he signed the plea agreement that this would have even been an issue what what would what would the plea agreement had to have looked like in order to satisfy Atherton well one it has an entire agreements provision in it paragraph 14 so everyone at the time of signing that would have had to have said any constitutional issues related to the sentence and that's not what it says and that's what Atherton is all about and that's what Wells is all about I I have raised this issue I am right within Wells I'm right within Atherton I am challenging the constitutionality I am challenging the sentence and I did not waive any Fifth Amendment rights and what's unique about Atherton is it it recognizes the scope of the waiver and this waiver just says doesn't say anything about Fifth Amendment so I'm right within those those cases can you address our decision in the Bauman case it read Estelle narrowly and what you're doing is you're asking us to read Estelle much more broadly but seems like we've already said you know finding it to the facts that's right but Bauman Bauman I as I pointed out in my brief I mean I've been practicing for 25 years every change of plea the district court you can have counsel with you at the PSR interview Bauman is very narrow it doesn't apply here you can it does have language it you know the defendant there raised Estelle and we said it's we're gonna be a very narrowly in the context of this bifurcated capital proceeding yep and I can explain so what Bauman is really about is whether or not a PSR interview is a critical stage and this court said it is not a critical stage so what did we do in a in Bauman we said for purposes of voluntariness we are not worried about the voluntary nature of a traditional PSR interview what Estelle what the this courts interpretation of Estelle and Bauman is consistent with what I'm asking it to do here which is to say the purpose of the statement for a neutral purpose ie a is you cannot take that statement broader and apply it to a broader sentence and so you can issue this decision without violating Bauman I'll reserve one minute for rebuttal thank you thank you please the court Tim to Tarka of the District of Montana on behalf of the state's as was discussed in the in the argument so far all of mr. Davis's non-constitutional claims are waived as the application through the application of the appellate waiver in his plea agreement his constitutional claims and in particular his claim with respect to self-incrimination doesn't withstand scrutiny for three reasons first the statements were not involuntary second the statements were not placed into evidence against him and third the issue of mental health was raised by the defense at sentencing with respect to voluntariness the district court found and this is an excerpts of the record pages 20 and 21 that mr. Davis's statements were voluntary that the competency evaluation was made on his motion and and as the the district court outlined he knew and expect Lee expressly that the that the statements were going the evaluation was going to go to the district judge I mean I think that your friend on the other side is arguing that voluntariness is somehow informed by the purpose for the statement being given do you agree with that is there authority for that idea I don't I don't believe there is authority for that idea and what I think is is critical here is that I think that argument would have more weight if if this if the competency evaluation had been ordered with not on the defense motion and it's important to note the distinction here rule 4241 be a hearing under rule 4241 B is not necessary for there to be a competency hearing under 4241 a defense counsel often will seek a defense only competent competency evaluation mental health evaluation and then only if if they determine that the the information is favorable defendant bring that before the court for for a competency hearing or something along those lines so this was on the defendants own motion and and that is constitutionally significant the Buchanan case the Supreme Court found that the Graham Wright case by the Sixth Circuit found that so the statements were voluntary the even even or setting that issue aside independently the language of rule 2.2 c4 is very specific it says that the competency evaluation will not be placed into evidence against the defendant and I would recommend that the court read that language consistent with the language of rule 32 I as to how evidence is introduced by the parties in at sentencing and is distinguished from background information in the PSR never in this case was any evidence but it was was any competency evaluation placed into evidence against against the defendant requirement for the Fifth Amendment so again is that a requirement for the Fifth Amendment argument to apply so the I think rule rule 12.2 B is actually broader than then the Fifth Amendment protection I guess that's why I'm asking because again as judge baby has noted like we're on a narrow scope of issues here because of the appeal waiver and so the argument that you're making is that relevant just to the rule or to the constitutional theory I I am arguing that there's with respect to this point well there's no rule 12.2 C violation at all but this particularly with respect to this point the fact that this wasn't put into evidence shows that there was no rule 12.2 violation and sort of off or to your I not a it was not just in the constitutional sense his he was never compelled to testify against himself in the language of the the Fifth Amendment and this in this provides important protections it provides the protection for the defendant in a in the criminal trial context obviously where the where evidence has to be put into the record it applies in a capital sentencing where the government has a burden to put in the evidence to prove the aggravating factors and even if the government were to use it in a rule 32 I context to for example prove a sentencing enhancement or something like that it would apply but that has to be read consistent with 18 USC 36 61 which says that there aren't limitations I want the court can consider with respect to background information and it just makes no it it wouldn't make any sense for the judge not to have the information about mr. Holden I think is very as very articulately said look that if you uphold this here the next time the next time this happens I'm gonna have to think twice before I request an evaluation of my client even if I think he's got mental problems I don't know what might be said and what might get used against him in a sentencing hearing so I'm just not I'm gonna be deterred from doing this so what's your answer to that so I have two answers that your honor the first is as I noted a competency hearing on a competent a court-ordered competency evaluation under 4241 B is not a necessary first step to a competency hearing under 4241 a the defense counsel can and often does seek defense only examinations and then my second point is and and this is what I was trying to get at a moment ago which is that what it means to be used against a defendant that's clear when the government is putting in evidence for enhancement for an aggravating factor or for guilt it is not clear when a court is trying to determine the 3553 a factors as to what is a sufficient but not greater than necessary sentence so you had access to this report could you have used the report no the the United States could not have put the report into evidence under rule rule 32 I okay you mean in a trial proceeding in a trial proceeding okay what about what about a sentence I don't I don't what not not and then again this I want to separate out the constitutional question and the and the rule question constitutionally there's no question here because the statements were voluntary but just as a matter of the application of rule rule 12.2 I do think defense counsel could raise an objection if the government tried to admit into evidence the competency evaluation for for a purpose like like a sentencing enhancement to prove up of a sentencing enhancement the final point that I want to make with respect to this is so not only was there where the statements voluntary not only were they not placed into evidence against him but the in this case the defendants mental health was placed at issue by the defense and this is that's an excerpt to the record pages 33 and 34 defense counsel clearly argues that his untreated mental health was a reason to mitigate the sentence that he either to put in put him in supervised release because he can get better service there or not to sentence him to prison because in the defense counsel's words that the services wouldn't be adequate there and this goes to my my point that depriving the judge of accurate mental health information when the court has to evaluate these factors under 3553 a and and analyze a the kind of argument as that goes to mental health doesn't doesn't make any sense it isn't a constitutional question and and so for all of those reasons there was no violation of the Fifth Amendment here there also wasn't a violation of the rule but as we note the rule is sweeps broader than the Constitution and and that argument is waived anyway if there's no further questions still in our briefs great thank you judge by being judge Forrest I have a constitutional hook it's Estelle it says that any effort by the state to compel respondent to testify against his will at sentencing clearly would contravene the Fifth Amendment the government is compel that's right but then when you read Estelle the notion of voluntariness relates to this the statements were uttered the fact that the statements were uttered in the context of a psychiatric examination does not automatically remove them from the reach of the Fifth Amendment and then they talk about the purpose for which the statement is given and the purpose for which it is used the government is wrong about how defense lawyers get examinations we don't apply under 3006 for a private defense examination we always we do it under 4241 that's how you do it it is provided to the court it is provided to the defense and it's provided the government that does not equal use the constitutional hook here is very clear as it relates to why would we give it why would we give it to the government because that's that's what the rule provides I understand this what the rule provides but that doesn't that tell us something no it doesn't judge because that's what Estelle is talking about I am only trying to evaluate whether or not I'm competent to go to trial I am NOT giving you those statements for purposes 3553 a factors well if that was the limited purpose then why do this after the plea and or the only thing on the table of sentencing that makes no sense well in this particular circumstance when you read the motion he was having an issue related to kovat I think because he was in some he was in segregation but mental health was not brought up the government's citation to the statements of defense counsel I cite it fully in my reply brief please read it they're lifting certain statements his mental health was not brought up it at sentencing and I think in car C Allen really talks about it judge Abrams from the from from New York talks about how we can have a I'm sorry I'm over time I'll finish it can I finish may I finish judge Abrams talks about how you can have a competency examination under Estelle and separate that from the 3553 a factors I appreciate the court I know it would be easier not to have oral arguments I appreciate the time but thanks for making me feel like a real lawyer day so thank you great thank you thank you both case has been submitted
judges: BYBEE, LEE, FORREST